OPINION OF THE COURT
PER CURIAM.
John Gagliardi, proceeding pro se, appeals the District Court’s partial dismissal of his original complaint and complete dismissal of his amended complaint. For the reasons that follow, we will affirm.
I.
In June 2008, Gagliardi filed a complaint in Pennsylvania state court against Verizon Pennsylvania Inc. (“Verizon”), AT & T Corp. (“AT & T”), Equifax Information Services LLC (“Equifax”), Experian Information Solutions, Inc. (“Experian”), Trans Union, LLC (“Trans Union”), and Allied Interstate, Inc. Gagliardi alleged, inter alia, that Verizon and AT & T had provided inaccurate information about him to Equifax, Experian, and Trans Union in retaliation for his efforts dating back to the 1970s to expose a long-running fraud committed by the “AT & T/Bell system.” The complaint raised a host of state law claims, as well as claims under the Fair Credit Reporting Act (“FCRA”), 15 U.S.C. § 1681 et seq., and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
Shortly after Trans Union removed the case to federal court and answered the complaint, Gagliardi attempted to amend the complaint. That attempt, styled as his “First Amended Complaint,” was unsuccessful because he did not seek leave to amend, as required by Fed.R.Civ.P. 15(a)(2). Later, Verizon and AT & T each filed a motion to dismiss for failure to state a claim. On February 12, 2009, the District Court granted the two motions in part and denied them in part. The court *415 held that, “other than his Count for retaliation, [Gagliardi] has failed to allege facts suggestive of conduct proscribed by the asserted causes of action.” (Opinion of Feb. 12, 2009, at 10.) As such, the court dismissed all of the claims against Verizon and AT & T — -with the exception of the retaliation claim — without prejudice. In doing so, the court stated that it would allow Gagliardi “a single opportunity to attempt to replead his [dismissed] claims,” provided he made that attempt within fourteen days. (Id. at 11.)
Less than fourteen days after the court’s order, Gagliardi filed an amended complaint, styled as “Plaintiffs Second Amended Complaint.” This amended complaint named only Verizon and AT & T as defendants — Gagliardi stipulated to the dismissal of the other four defendants— and alleged only one claim: retaliation. As before, both Verizon and AT & T moved to dismiss for failure to state a claim. On April 23, 2009, the District Court granted both motions. Gagliardi now appeals the District Court’s February 12, 2009 and April 23, 2009 orders.[1]
II.
 Gagliardi has failed to present a viable argument in support of this appeal. First, he has waived any challenge to the dismissal of his retaliation claim, as his opening brief did not discuss that claim, instead focusing on the FCRA and civil conspiracy claims from his original complaint.[2] See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005). Second, his discussion of his FCRA claim is irrelevant to this appeal, as he never asserted that claim against Verizon or AT & T. Finally, although he did assert his civil conspiracy claim against Verizon and AT & T, he cannot challenge the dismissal of that claim because he neither reasserted it in his amended complaint (despite having an opportunity to do so) nor indicated that he intended to stand on that claim as originally pleaded.[3] See United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 516-17 (3d Cir.2007).
In light of the above, we will affirm the District Court’s February 12, 2009 and April 23, 2009 orders. Gagliardi’s requests to conduct discovery and further amend his complaint are denied.

.We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. That Gagliardi’s notice of appeal did not refer to the February 2009 order — he first indicated his intention to appeal that order in his opening brief — does not preclude us from reviewing that order. See Shea v. Smith, 966 F.2d 127, 129 (3d Cir.1992) (stating that “appellate jurisdiction vests over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order[s], the intention to appeal the unspecified order is apparent, the opposing party is not prejudiced and has a full opportunity to brief the issues”).

. Although Gagliardi’s reply brief argues that he preserved his ability to challenge the District Court's dismissal of his retaliation claim, that brief, like his opening brief, does not address the merits of the court’s decision.

. Even if he could raise this issue, it nonetheless lacks merit, as the District Court did not err in dismissing his civil conspiracy claim for failure to state a claim.